**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA DAWN GITCHEL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 13-1136-JPR<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING COMMISSIONER** |

**I.　PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her application for supplemental security income ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c).  This matter is before the Court on the parties' Joint Stipulation, filed May 12, 2014, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed.

**II.  BACKGROUND**

On August 11, 2009, Plaintiff filed an application for SSI, alleging a disability onset date of February 2, 2002.  (AR 48.)  The application was denied on January 13, 2010.  (AR 20.)  Plaintiff requested reconsideration (AR 24), which also was denied (AR 25).  She then requested review by an ALJ (AR 32), and a hearing was held on October 17, 2011 (AR 292).  Plaintiff, who was represented by counsel, testified at the hearing, as did a vocational expert.  (Id.)  In a written decision issued November 17, 2011, the ALJ determined that Plaintiff had no severe impairments and thus was not disabled.  (AR 11-17.)  On May 15, 2013, the Appeals Council denied her request for review.  (AR 4-6.)  This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole.  Id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It is more than a scintilla but less than a preponderance.  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both

the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

**IV.   THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

    A.   The Five-Step Evaluation Process

An ALJ follows a five-step sequential evaluation process to assess whether someone is disabled. 20 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied.  § 416.920(a)(4)(i).  If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied.  § 416.920(a)(4)(ii).  If the claimant has a "severe"

impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal one in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[1] to perform her past work; if so, she is not disabled and the claim must be denied. § 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. § 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since August 11, 2009. (AR 13.) At step two, he concluded that Plaintiff had "medically

---

[1] RFC is what a claimant can do despite existing exertional and nonexertional limitations. § 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

determinable" impairments of "mood disorder, not otherwise specified, and history of irritable bowel syndrome" but that neither was severe. (Id.) He also concluded that they were not severe in combination. (Id.) Because Plaintiff had no severe impairment or combination of impairments, the ALJ determined at step two of the analysis that she was not disabled and did not go on to the other steps in the evaluation process. (AR 17.)

## V.   DISCUSSION

### The ALJ Did Not Err in Finding Plaintiff's Mood Disorder Not Severe

Plaintiff challenges only the ALJ's determination that she failed to establish a severe impairment of mood disorder. (J. Stip. at 3-6.)[2] She argues that he (1) applied the wrong law and (2) erred in finding that nonseverity was "clearly established." (Id. at 4-5.)

#### A.   Applicable law

At step two of the sequential evaluation process, the claimant has the burden to show that she has one or more "severe" medically determinable impairments that can be expected to result in death or last for a continuous period of at least 12 months.

---

[2] Although Plaintiff cites law for the proposition that the ALJ must consider whether impairments are severe in combination as well as separately (see J. Stip. at 3-4), she nowhere even mentions her irritable bowel syndrome. Accordingly, the Court examines only the ALJ's findings concerning her mental impairment. In any event, nothing in the record other than Plaintiff's own testimony showed any functional limitation during the relevant time period stemming from Plaintiff's IBS, and the ALJ expressly found Plaintiff not credible, a finding she has not challenged on appeal. Thus, because she suffered no functional limitations from the IBS, considering it in combination with the mood disorder would not have resulted in a severity finding.

See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (claimant bears burden at step two); Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003) (same); 20 C.F.R. § 416.908 (defining "physical or mental impairment"); § 416.920(a)(4)(ii) (claimants not disabled at step two if they "do not have a severe medically determinable physical or mental impairment that meets the duration requirement").  A medically determinable impairment must be established by signs, symptoms, and laboratory findings; it cannot be based solely on a claimant's own statement of her symptoms.  § 416.908; Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996); see also 42 U.S.C. § 423(d)(3) ("physical or mental impairment" "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques").  A "medical sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical diagnostic techniques."  Ukolov, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1 n.2 (internal quotation marks omitted)); accord 20 C.F.R. § 416.928(b).

To establish that a medically determinable impairment is "severe," moreover, the claimant must show that it "significantly limits [her] physical or mental ability to do basic work activities."[3]  § 416.920(c); accord § 416.921(a).  "An impairment

---

[3] "Basic work activities" include, among other things, "[u]nderstanding, carrying out, and remembering simple instructions"; using judgment; "[r]esponding appropriately to supervision, co-workers and usual work situations"; and "[d]ealing with changes in a routine work setting."

or combination of impairments may be found not severe <u>only if</u> the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." <u>Webb v. Barnhart</u>, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original, internal quotation marks omitted); <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."). Thus, a court must determine whether an ALJ had substantial evidence to find that the record clearly established the claimant did not have a medically severe impairment or combination of impairments. <u>Webb</u>, 433 F.3d at 687.

    B.   <u>Analysis</u>

        1.  *The ALJ used the correct legal standard*

Plaintiff contends that the ALJ erred in rejecting her claim of a severe mental impairment as not "significantly" limiting her "function [so as] to be considered severe." (J. Stip. at 4.) She argues that the actual test is whether the impairment "more than minimally affects" the claimant's abilities. (<u>Id.</u>) In fact, both are correct, and the ALJ recognized as much.

Section 416.921(a) provides that an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." In 1985, because different courts were interpreting "significant" in different ways, the Social Security Administration issued a "policy clarification," stating that for an impairment to be nonsevere, it must have "no more than a minimal effect" on the claimant's ability to do basic

---

§ 416.921(b); <u>accord</u> <u>Yuckert</u>, 482 U.S. at 141.

work activities. SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985); see also Webb, 433 F.3d at 686. Thus, SSR 85-28 and its progeny "clarify" the standard in § 416.921(a), which remains the law.

Although the ALJ most often cited the language from § 416.921(a), he also recognized that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." (AR 12 (citing SSR 85-28).) Accordingly, the ALJ did not apply the wrong legal standard.

2.   *Nonseverity was clearly established*

The ALJ determined that Plaintiff's mood disorder was not severe because it was well controlled with medication. (AR 15-16.) He also noted that the record contained "essentially nothing in terms of formal mental status examinations with formal diagnoses and global assessment of functioning (GAF) scores" demonstrating any mental impairment. (AR 15.)

As the ALJ noted, Plaintiff's treating doctor routinely remarked that she was "doing well" on her prescribed medications. (See AR 16; see, e.g., AR 191, 195, 197, 198, 202, 205, 208, 209, 243, 245-47; see also AR 235 (treating doctor's request for reauthorization of services, noting that Plaintiff's mood was "stable" when on medication).) Impairments that are effectively controlled with medication or other medical treatment are not severe. See Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir. 1982) (mental impairment that was "amenable to control" and "minimized" with medication not disabling); Kassebaum v. Comm'r

of Soc. Sec., 420 F. App'x 769, 772 (9th Cir. 2011) (ALJ did not err in finding that carpal tunnel syndrome was not severe impairment because wrist operation had been successful, "at least as much as necessary to ensure that the ailment was not so severe as to interfere significantly with [claimant's] ability to work"). Indeed, as the ALJ found, Plaintiff's "medication regimen has remained essentially unchanged for years." (AR 16.) Although Plaintiff contends that in February 2010 Wellbutrin and Ambien were "added" to her prescribed medicines (J. Stip. at 5 (citing AR 193)), in fact she was taking both of them in December 2009 (AR 195) and June 2009 (AR 198), the latter before the relevant time period for which Plaintiff could be entitled to benefits, and had been taking them off and on for years (see, e.g., AR 201, 208, 286). Although Plaintiff is correct that the dosages of her drugs were occasionally tinkered with (see J. Stip. at 5 and cited AR pages), the medicines themselves rarely changed – most likely because Plaintiff was almost always "doing well." In any event, as Plaintiff acknowledged upon being questioned by the examining psychiatrist, she sometimes did not take all her medicine. (AR 172; see also AR 171 (referring to "history of non-compliance with treatment").) Thus, any changes in her dosages may have been the result of her failing to take all her prescribed medicines.

The ALJ also did not err in noting that there existed in the record virtually none of the test results or diagnostic findings necessary to support a determination of impairment severity, which cannot be based on subjective symptoms alone. See Ukolov, 420 F.3d at 1004-05. The ALJ noted that the one low GAF score in

9

the record – a 40 recorded in March 2008 (AR 239), before the date as of which benefits could be awarded – "was inconsistent with the history of unremarkable monthly sessions for medication refills" and therefore rejected it (AR 15).  He did not err in doing so, because other than an occasional indication that Plaintiff reported she was feeling "depressed" or was "not sleeping" (see, e.g. AR 193, 194, 201, 203, 207, 212, 244), her treating psychiatrist's notes routinely indicated that she was "doing well," as noted above.[4]  No treating doctor ever ascribed any specific functional limitations to Plaintiff as a result of her alleged mental impairment.  The examining consultant psychiatrist, on the other hand, conducted diagnostic tests and affirmatively found no limitations in any area of functioning (AR 176), a finding confirmed by the reviewing consultant (AR 187); the ALJ gave their opinions "greater weight" (presumably than the GAF score of 40) (AR 16), a finding Plaintiff has not challenged.  The ALJ did not err in concluding that the record clearly established that Plaintiff's mood disorder was not severe.

When, as here, substantial evidence supported the ALJ's finding that an impairment was not severe, this Court may not substitute its judgment for that of the Commissioner.  See Reddick, 157 F.3d at 720-21.

---

[4] At the same time he assessed a GAF of 40, which indicates impaired functioning, Plaintiff's doctor noted that she was "reasonably expected to benefit and improve." (AR 238.)  In any event, the most recent edition of the DSM "dropped" the GAF scale, citing its lack of conceptual clarity and questionable psychological measurements in practice.  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013).

Remand is not warranted.[5]

## VI.  CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[6] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice.  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 11, 2014            _____
                                JEAN ROSENBLUTH
                                U.S. Magistrate Judge

---

[5] Even had the ALJ erred in finding Plaintiff's mood disorder not severe, any error was likely harmless because the vocational expert testified that someone with Plaintiff's characteristics and who could perform only simple, repetitive tasks with occasional public contact could still work at least three identified jobs.  (See AR 317.)  Thus, even if the ALJ had continued through the five-step sequential analysis, his finding that Plaintiff was not disabled would not likely have changed.

[6] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."